11-834-ag
Chen v. Holder

BIA
Rohan, IJ
A089 200 684

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of April, two thousand twelve.

PRESENT:
>     ROBERT A. KATZMANN,
>     BARRINGTON D. PARKER,
>     REENA RAGGI,
>         *Circuit Judges.*

_____

CAI CHEN,
>     *Petitioner,*

>         v.                                11-834-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Eric Y. Zheng, Esq., New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Francis Fraser, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cai Chen, a native and citizen of China, seeks review of the February 16, 2011 decision of the BIA affirming the April 14, 2009 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and CAT relief. *In re Cai Chen*, No. A089 200 684 (B.I.A. Feb. 16, 2011), *aff'g* No. A089 200 684 (Immig. Ct. N.Y.C. Apr. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4)(B). For asylum applications, like Chen's, governed by the REAL ID Act, the agency may base a

credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin*, 534 F.3d at 163.

Substantial evidence supports the agency's determination that Chen did not testify credibly regarding his claim that he faced persecution on account of his membership in an underground church. In finding Chen not credible, the agency reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. As the agency noted, Chen omitted from his initial asylum application, and did not disclose to the to the IJ until several weeks before his merits hearing, that (1) two members of his underground church had been arrested by Chinese authorities because of their religious activities, and (2) Chen had previously entered the United States in 2000 and had remained for approximately five years. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (recognizing that inconsistencies and omissions are functionally equivalent in evaluating applicant's credibility). Although applicants are not required to include a "comprehensive recitation" of their claims on an asylum application, *Zhi*

3

*Wei Pang v. Bureau of Citizenship & Immigration Servs.*, 448 F.3d 102, 112 (2d Cir. 2006) (internal quotation marks omitted), and Chen asserted in his initial asylum application that he knew "others attending house churches in [his] area were arrested," Administrative Record ("A.R.") 339, the arrests of the two church members took place prior to the filing of Chen's application but were not brought to the attention of the IJ until a few weeks before the merits hearing. Additionally, while Chen argues in his brief that the information regarding the arrests was submitted late because a "letter confirming the details" was not received "until less than three weeks before the hearing," Pet'r's Br. 24, he testified at the April 2009 merits hearing that he first learned of these arrests, which occurred in February and April 2008, during an earlier "telephone communication," A.R. 100.

With respect to Chen's proffered explanation for the omission of his prior five-year stay in the United States, his assertion that he was not a Christian during that period may explain why he did not apply for asylum then, but it does not explain why he failed to include that information in his counseled 2008 asylum application, despite the application's explicit requirement that Chen list his prior

4

entries into the United States.  Given the above, a reasonable fact finder would not have been compelled to credit Chen's explanations for his omissions and inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that agency need not credit applicant's explanations unless those explanations would compel reasonable fact-finder to do so).

In light of Chen's lack of credibility, it was not error for the agency to require him to submit evidence corroborating his assertions.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  At the merits hearing, Chen testified that he was diagnosed with cancer in 2005 at a New York clinic and then returned to China where he underwent surgery to remove a tumor.  When asked by the IJ whether he had any medical records confirming his diagnosis, Chen replied that he did not have the records anymore and did not remember the name of the New York clinic.  Further, Chen's attorney stated that he did not "have a good explanation" as to why Chen had not visited a free clinic in order to obtain

5

"some sort of a record" confirming that Chen had surgery to remove a tumor.  A.R. 97.  Where an applicant is not otherwise credible, the agency need not find that missing relevant evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).  Accordingly, the agency reasonably relied on Chen's failure to present corroborating evidence of his medical condition to support its adverse credibility finding.  *See Biao Yang*, 496 F.3d at 273.

Because the adverse credibility determination is supported by substantial evidence, we find no error in the agency's denial of Chen's application for asylum, withholding of removal, and CAT relief, which were all based on his purported membership in an underground church.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk